PER CURIAM.
Based upon a primary review of the record in these proceedings, we issued an ex parte order to appellant, Automobile Club *576 Insurance Company to show cause, by brief only, why the appeal should not be dismissed for lack of jurisdiction. Thereafter, in response to our order, counsel for Automobile Club Insurance Company did file an extensive brief. We also received a brief from counsel for appellees. Both have been carefully considered.
We have concluded that the issue which is presented to us for adjudication should properly have come before us in the form of an application to us to exercise our supervisory jurisdiction instead of by conventional appeal.
However, that is more a matter of' form than substance and judicial economy requires that, at any event, we deal with the issue that is raised regardless of the form by which it attracts our appellate scrutiny. Accordingly, we now treat the matter as though it were before us in the exercise of our supervisory jurisdiction:
In order to reach the conclusions noted above, it became necessary for us to closely examine the entire record in these proceedings so that we are now familiar with both the substantive and procedural issues existent in this litigation.
Having considered the entire record we reach the conclusion that the trial court did not so abuse its discretion as to require that we exercise our supervisory jurisdiction. The trial court gave consideration to the vigorous contentions of counsel' for both parties regarding the right to have this matter tried by jury. The interlocutory decree that has been rendered does not, in our view, form a basis for concluding that irreparable injury or damage will result therefrom. In so concluding we do not necessarily determine that such an interlocutory decree could not even be the cause of irreparable harm. Indeed, there may be instances where such a conclusion might be required. But in this particular case we do not find an abuse of the wide latitude of discretion which is available to the trial court in resolving interlocutory issues. Accordingly, this appeal, being treated in the same manner as though it had come before us seeking the exercise of our supervisory jurisdiction, is dismissed. Each party is to bear its own costs.

Appeal dismissed.